**Albert COX, Appellant,**

v.

**BROCKWAY, INC. (N.Y.), and Glass Bottle Blowers Association of the United States and Canada, Appellees.**

No. 61291.

Supreme Court of Oklahoma.

Oct. 8, 1985.

---

**7.** Id.

**8.** Supra note 4, 196 P. at 763.

Hall, Saunders & Edwards by G.E. Saunders, Ada, for appellant.

Mayhue, Mayhue & Axton by John B. Axton, Ada, for appellees.

LAVENDER, Justice.

Appellant Albert Cox initiated this action on February 18, 1983. Named as defendants in this cause were appellee Brockway, Inc., appellee's employer, and Glass Bottle Blowers Association of the United States and Canada, appellant's union. Appellant alleged that appellee had wrongfully stripped him of some seventeen years of job seniority when he had returned to a bargaining unit position following a twenty month stint in management. The basis of appellant's claim against the union was an assertion of a willful refusal to fairly represent him in the subsequent dispute with

appellee. In a second amended petition, appellant clarified the time of culmination of the union's refusal as occurring April 22, 1981.

■ The trial court in this case sustained a series of appellee's demurrers to appellant's petition and subsequent amended petitions. The final sustainment and dismissal with prejudice as to appellee, from which the present appeal is presented, was entered by the trial court upon a finding that the statute of limitations applicable to appellant's cause of action was the six month period adopted in the case of *DelCostello v. International Brotherhood of Teamsters.*[1] And thus, that appellant's pleadings revealed on their face that they were time-barred.[2]

As stated by appellant in his petition in error in this Court, the present action was brought pursuant to section 301(a) of the Labor Management Relations Act, codified at 29 U.S.C. § 185(a). Section 301(a) was not expressly governed by an applicable statute of limitations. In dealing with actions brought under this section the courts had dealt with this problem by "borrowing" various state statutes of limitations which they found to be analogous. During this period prior to *DelCostello* state statutes of limitations dealing with matters ranging from vacation of arbitration awards[3] to actions on contract[4] had been applied with approval to these employer/employee disputes. Nevertheless, prior to *DelCostello* the Supreme Court had reserved the question of what was the proper analogy to be applied to section 301(a) actions.[5]

Citing the previously recognized need of the subject matter of section 301 as peculiarly calling for uniform law,[6] the Court in *DelCostello* went on to consider the applicability of an analogous statute of limitations to be drawn from federal law. The Court found this analogy in section 10(b) of the National Labor Relations Act, which provides for a six month statute of limitations on charges of unfair labor practices. Violation of a collective bargaining agreement by an employer and a union's refusal to fairly represent an employee in a subsequent dispute were both found to be highly analogous to unfair labor practices.[7]

The decision in *DelCostello* was given effect retrospectively in the cases[8] in which it was rendered. The basis of appellant's challenge on appeal is the trial court's application of the *DelCostello* decision to the present case.[9]

■ In entertaining a section 301(a) action a state court is acting to enforce a right created by federal law.[10] When a limitation on this right is subsequently rec-

1. 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed. 2281 (1983).

2. The order dismissing appellee also purports to dismiss as to defendant union. However, the record reveals that the union had no pleading pending to support such a ruling, and was not present at the hearing which resulted in the appealed order. Thus the language of the order as to defendant union is a nullity. *Spears v. Preble,* 661 P.2d 1337, 1343 (Okla.1983). The trial court has apparently recognized this point as it entertained a motion for summary judgment filed by defendant union subsequent to the date of the order appealed.

3. *United Parcel Service, Inc., v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) (New York ninety day statute of limitations governing actions to vacate arbitration award found applicable.)

4. *United Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) (Indiana six year statute of limitations governing actions on oral contracts found applicable.)

5. 103 S.Ct. at 2289.

6. Id.

7. 103 S.Ct. at 2293, 2294.

8. *DelCostello* involved two cases consolidated for consideration.

9. *DelCostello* was decided June 8, 1983; four months after the initial filing in this case.

10. See *Charles Dowd Box Co., Inc. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962).

ognized as part of this federal law, it becomes applicable to all actions brought under this law, regardless of whether brought in state or federal court. Appellant's apparent contentions to the contrary are devoid of merit.

■ Appellant argues that it is unfair to allow the retroactive application of the statute of limitations in this case. The question of whether and to what extent a new rule shall be given retroactive effect is one of judicial policy, rather than of hard and fast rules.[11] And, retroactive application of a newly announced rule is the traditional common law approach, rather than the exception.[12] However, there are certain criteria which should be examined in considering an argument against the retroactive application of such a rule.[13] These criteria are the novelty of the rule, the purpose of the rule and whether it will be furthered by retroactive application, and the possible inequities resulting.

Applying these criteria to the case at hand we find the Supreme Court discussion in DelCostello as to the historical precursors of the present rule and its purpose to be dispositive of the first two elements for consideration. The Court clearly found the application of the section 10(b) limitations provision to have historical as well as logical precedent. It was not then a "bolt out of the blue." The purpose of the rule was twofold; to achieve a desired uniformity on this point of federal law as well as to establish a mechanism for rapid settlement of labor disputes. We must accede to the finding implicit in the Court's application of the rule to the cases before it for decision

that this purpose is furthered by retroactive application.

■ We come then to the final element, the equities of the present case. This is the heart of appellant's argument. On this point appellant states that he relied in good faith on the belief that the statute of limitations applicable was that for actions in tort. Appellant, however, fails to cite any authority which might give rise to such a belief. On the contrary, the cases cited by appellant, when they considered the question at all, applied limitations periods dealing with actions on contract.[14] In view of this, and in view of the fact that the Supreme Court had approved the application of limitations periods as short as ninety days to section 301(a) actions contemporaneously with the date upon which appellant claims his cause of action arose,[15] we fail to see how appellant is in a more meritorious position to oppose retroactive application than were the parties before the Court in DelCostello.

One remaining point of significance weighs against appellant in this assessment of equities. The decision of the trial court was rendered upon appellant's petition. Appellant has not been forced to engage in extensive preparations on the merits of the case with the prospect of now finding such work to have been in vain. Appellant, in essence, has been stopped before he got started. In such an instance there appears no great hardship from the application of the regular common law rule favoring retroactive application.[16]

Finally, we acknowledge the great weight of precedent from the federal courts favoring the retroactive application

11. See Thompson v. Presbyterian Hospital, Inc., 652 P.2d 260, 268 (Okla.1982).

12. Id.

13. Chevron Oil Co. v. Huson, 404 U.S. 97, 106, 107, 92 S.Ct. 349, 355–56, 30 L.Ed. 296 (1971).

14. Blue Diamond Coal Co. v. United Mine Workers, 436 F.2d 551 (6th Cir.1970) cert. den. 402 U.S. 930, 91 S.Ct. 1525, 28 L.Ed.2d 863 (question not considered); Abrams v. Carrier Corp., 434 F.2d 1234 (2nd Cir.1970) cert. den. 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (contract);

Sandobal v. Armour & Co., 429 F.2d 249 (8th Cir.1970) (contract); Reliford v. Eastern Coal Corp., 260 F.2d 447 (6th Cir.1958) cert. den. 359 U.S. 958, 79 S.Ct. 797, 3 L.Ed.2d 765 (contract).

15. U.P.S. v. Mitchell, supra at note 3, was decided April 20, 1981. Appellant asserts his cause of action arose on April 22, 1981.

16. Graves v. Smith's Transfer Corp., 736 F.2d 819, 822 (1st Cir.1984); Thompson v. Presbyterian Hosp. Inc., supra, at note 11.

of *DelCostello* in cases in which such an application does not effect a previously rendered judgment.[17]

Appellant has also made a final assertion in his brief to the effect that *DelCostello* is limited to cases brought under section 10(b) of the National Labor Relations Act and that his action was not brought under this section. We find this assertion to reflect a misunderstanding of the *DelCostello* holding. *DelCostello* did not involve a case brought under the National Labor Relations Act at all, but rather an action brought under section 301(a) of the Labor Management Relations Act; the same section appellant states in his petition in error that his action was brought under. *DelCostello* applied the statute of limitations from section 10(b) to cases brought under section 301(a). Appellant's argument is utterly devoid of merit.

For the foregoing reasons we find the action of the trial court in sustaining appellee's demurrer to appellant's second amended petition to be proper. The trial court's ruling is accordingly affirmed.

SIMMS, C.J., and OPALA and KAUGER, JJ., concur by reason of Federal Law Preemption.

DOOLIN, V.C.J., and HODGES, HARGRAVE and SUMMERS, JJ., concur.

WILSON, J., dissents.

**17.** See e.g., *Graves v. Smith's Transfer Corp.,* 736 F.2d at 822; *Welyczko v. U.S. Air, Inc.,* 733 F.2d 239, 241 (2nd Cir.1984); *Edwards v. Sea-Land Services, Inc.,* 720 F.2d 857, 863 (5th Cir.1983).