25 F.3d 1055
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Raymond Wade ANNANDERS, Plaintiff-Appellant,
v.
The INDEPENDENT SCHOOL DISTRICT NO. 70 BOARD OF EDUCATION;
Max Skelton, individually and in his capacity as Assistant
Superintendent of Little Axe Public Schools; Dr. Joe Work,
individually and in his capacity as Superintendent of Little
Axe Public Schools; Pam Sharp; Susan Newkham, Defendants-Appellees.
 No. 93-6294.
 United States Court of Appeals, Tenth Circuit.
 June 1, 1994.
 
 1
 Before LOGAN and SETH, Circuit Judges, and KELLY,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Raymond Wade Annanders appeals the district court's grant of summary judgment in favor of defendants on his claims for deprivation of property and liberty interests without due process of law. We have jurisdiction under 28 U.S.C. 1291.[2] We review the district court's grant of summary judgment de novo and apply the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990).
 
 
 4
 The district court's July 21, 1993, summary judgment order fully discusses the relevant facts, which are not disputed, and we only briefly summarize them here. Mr. Annanders' claims arise out of his employment as a teacher in School District No.70, which is also known as the Little Axe Public Schools. During the fall of 1990 and spring of 1991, Little Axe school parents made a number of complaints to school administrators concerning Mr. Annanders. In March 1991, after considering some of these complaints, the school board determined that Mr. Annanders should be reassigned from his position as an elementary school gym teacher to detention hall monitor. On the same day Mr. Annanders was informed of his reassignment, he injured himself in an on-the-job accident and has been unable to work since that time. He has not been terminated as a school district employee, and at the beginning of each semester since the accident, the district has notified him that he has been rehired but needs a doctor's release to return to work. He has not provided such a release and has not returned to work because of his injury.
 
 
 5
 Mr. Annanders contends that he had a property interest in his position as gym teacher and that he was entitled to due process, which he did not receive, when he was reassigned to another position. He bases his claim of a property interest in a particular teaching position on the following clause in his employment contract:
 
 
 6
 If a change in a teacher's assignment appears necessary after the school year begins, the affected teacher will be promptly notified and consulted. After such consultation, if the change in assignment still appears necessary, the principal will provide the affected teacher with written notification of the change of assignment. Upon receipt of such notification, the teacher will have the option to resign without penalty.
 
 
 7
 Appellees' App. at 86 (emphasis added). Mr. Annanders contends that the term "necessary" means that reassignment can only be "for cause" and that no cause has ever been shown.
 
 
 8
 Mr. Annanders' liberty interest claim is based on his assertion that defendants disseminated "stigmatizing" statements regarding the parents' complaints about him and defamed his reputation. He contends that these stigmatizing statements were published by defendant Work to an administrator at another school district and by defendant school board members Sharp and Newkham "when [they] made out complaints and accused [him] of immoral conduct." Appellant's Br. at 9.
 
 
 9
 The district court found that while Mr. Annanders had a property interest in continued employment in the district, he did not have a property interest in a specific assignment. It also found no authority or basis for interpreting the word "necessary" to require reassignment only for cause. It therefore concluded that Mr. Annanders was not deprived of a property interest by his reassignment and was not entitled to due process safeguards relative to his reassignment. We agree. Under Oklahoma law, "although a tenured teacher does have a property right in continued employment, he does not have a property interest in any particular position." Childers v. Independent Sch. Dist. No. 1, 676 F.2d 1338, 1341 (10th Cir.1982)(citing Maupin v. Independent Sch. Dist. No. 26, 632 P.2d 396, 398-99 (Okla.1981)); see also Short v. Kiamichi Area Vo-Tech. Sch. Dist. No. 7, 761 P.2d 472, 476 (Okla.1988), cert. denied, 489 U.S. 1066 (1989). Mr. Annanders cites no legal authority supporting his argument that a "necessary" reassignment requires a showing of cause, nor have we located any, and we agree with the district court that that term does not limit the district's discretion to reassign employees.
 
 
 10
 To make a claim for deprivation of a liberty interest through defamation of reputation, a public employee such as Mr. Annanders generally must show (1) that the defamatory or stigmatizing statement was made in the course of employment termination; (2)that the statement was disclosed publicly; and (3) that the stigmatizing statement was false. Melton v. City of Oklahoma City, 928 F.2d 920, 927 (10th Cir.) (in banc), cert. denied, 112 S.Ct. 296, 297 (1991). The district court found, and Mr. Annanders does not dispute, that defendant Work's statement to the other administrator was true--that there had been complaints against Mr. Annanders, but that he (Work) did not believe they were true and was unaware of evidence to support them. It therefore concluded that Mr. Annanders did not show the required elements of his liberty interest claim. Again, we agree with the district court. Mr. Annanders did not show publication of any untrue stigmatizing statements, and his claim fails under the requirements of Melton. Mr. Annanders did not present his claim regarding statements by the board members to the district court. We therefore will not consider this claim on appeal. Farmers Ins. Co., Inc. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989).
 
 
 11
 We have considered Mr. Annanders' other contentions of error and find them unpersuasive. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Patrick F. Kelly, Chief Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 At the time the notice of appeal was filed and the case was briefed on the merits, we lacked jurisdiction because the district court had not resolved all claims against all defendants and there was therefore no final order. The district court subsequently issued an appropriate final order, and our jurisdiction ripened at that time. See Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir.1988)