Daniel M. McMAHON and Andrea Sadoff, Plaintiffs,

v.

Hartley W. BARCLAY, Jr., Westchester County Personnel Office and New York State Department of Civil Service, Defendants.

No. 80 CIV 4339 (LBS).

United States District Court, S. D. New York.

April 8, 1981.

---

Anderson & Rubin, New York City, Leonard H. Rubin, New York City and Westchester Civil Liberties Union, New Rochelle, N. Y., of counsel.

Samuel S. Yasgur, Westchester County Atty., White Plains, N. Y., for Hartley W. Barclay, Jr. and Westchester County Personnel Office; Peter J. Holmes, Sr. Asst. County Atty., White Plains, N. Y., of counsel.

## OPINION

SAND, District Judge.

In this action for a declaration that § 58(1)(a) of the New York Civil Service Law is invalid, plaintiffs have moved for summary judgment with respect to Count II of the complaint.[1] This count seeks a declaration that the provision of § 58(1)(a) which prohibits employment of persons over the age of 29 as police officers is invalid as being "arbitrary, unreasonable and [bearing] no rational relationship to any legitimate state purposes and thus deprives such persons of the equal protection of the laws." (Complaint ¶ 18).

This matter first came before Judge Vincent L. Broderick, then sitting in Part I, on plaintiffs' application for a preliminary injunction. After proceedings before Judge Broderick (see transcript of Proceedings held August 5 and 7, 1980), the court granted injunctive relief which was limited to a temporary restraining order since the case had been assigned to another judge.[2] When the parties appeared before this Court soon thereafter, we were advised of the possibility that the legislature might repeal the age provision. With the consent of the parties, the temporary restraining order was continued and the matter was held in abeyance. The legislature declined to accept the recommendation of the Department of Civil Service that the provision be repealed and, although further legislative consideration of the question is still possible, plaintiffs, whose employment opportunities as police officers are as a practical matter hindered by this cloud on their employability, are loath to defer the matter further. They move for summary judgment. While defendants oppose the motion, no claim is made that plaintiffs lack standing, that there is any need for any discovery or evidentiary proceedings or that the question of the validity of § 58(1)(a) is not one which can be appropriately resolved on a motion for summary judgment.

Section 58(1)(a) provides:

"§ 58. Requirements for provisional or permanent appointment of certain police officers.

1. Notwithstanding any other provision of this law or any general, special or local law to the contrary, no person shall be eligible for provisional or permanent appointment in the competitive class of the civil service as a police officer of the capital police force of the state office of general services after June first, nineteen hundred seventy-eight, or as a police officer of any police force or police department of any county, city, town, village, housing authority or police district unless he shall satisfy the following basic requirements:

(a) he is not less than twenty nor more than twenty-nine years of age, provided, however, that the time spent on military duty or on terminal leave, not exceeding a total of six years, shall be subtracted from the age of any applicant who has

---

1. Plaintiffs do not press Counts I and III of the complaint and they are therefore dismissed without prejudice.

2. Judge Broderick stated (Tr. at 53):

I do find there is no rational basis for the provision requiring that a person otherwise qualified not be certified and appointed a police officer because he or she has reached the age of 29. To that extent I find a provision of Section 58 unconstitutional as denying to those who successfully took the test and then reached the age of 29 equal protection of the law.

Plaintiffs urge that this ruling constitutes the law of the case. This argument is without merit. Judge Broderick made clear in subsequent statements that he was ruling on the application solely as an interim measure pending the availability of the judge to whom the case had regularly been assigned.

passed his twenty-ninth birthday as provided in subdivision ten-a of section two hundred forty-three of the military law, and provided further, however, that prior to June thirtieth, nineteen hundred seventy-two, the maximum qualifying age provided hereunder shall be determined as of the date when the applicant takes the written examination; . . . ."

Plaintiffs accept, as indeed they must (*Mass. Bd. of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1975)) that the standard by which the statute is to be judged is the criterion of rationality. Plaintiffs assert, however, that the statute fails to pass even this lenient scrutiny.

Plaintiffs urge that the "entire statutory scheme is irrational" because of the numerous exceptions to the age requirement imposed only on capital police or local police force officers. Excepted from this provision are New York City police, (§ 58(5)), veterans, transferees and others.

Plaintiffs point further to the fact that the New York State Department of Civil Service, pursuant to a stipulation of settlement and discontinuance of an action brought by the United States Secretary of Labor, prepared and recommended introduction and passage of legislation to repeal the age requirements of § 58. As noted *supra*, this legislation was not enacted, apparently never reaching the floor of the legislature.

In its Memorandum to the legislature, the Department wrote:

This amendment would remove a requirement founded on tradition rather than on any demonstrable physical or operational need. This age requirement has proven to be a barrier to employment of otherwise well-qualified applicants, often to the detriment of the appointing authority concerned. In addition, the age limit is not uniformly applied under the present statute as it may be extended under certain conditions and up to six years is required to be subtracted from the age of those applicants who have spent time on military duty.

This Department has reevaluated the age limits established for similar state positions which have been adopted pursuant to Section 54 of the Civil Service Law. It has found that such limitations could not be supported as "bona-fide occupational qualifications," and these barriers to employment have been discontinued.

Many of the identical arguments in support of the removal of the age barriers for positions subject to Section 54 of the Civil Service Law are equally valid and applicable to local police officer positions covered by Section 58. Thus, this amendment would provide a desirable consistency in the public policy of this State with regard to the selection of police personnel.[3]

Before this Court, defendants advance the contention that the statute is valid as imposing a bona fide occupational qualification. However, the only justification offered for this contention is: (1) that younger police can serve for a longer period of time after being trained than older recruits and (2) younger recruits will remain physically fit for longer periods of time. Were the Court to accept these justifications for imposing an age barrier of 29, little would be left of the concept that age discrimination, without some showing of a real need therefor, is impermissible. The argument that the investment in training younger recruits is more likely to be recouped than that in the training of older persons would negate the entire concept of protection against age discrimination. Obviously, this is a contention equally available to any employer of persons who must receive training. The argument with respect to physical fitness overlooks the requirement that recruits satisfy physical fitness requirements (imposed by § 58(1)(c), unchallenged here), the numerous statutory exceptions and the absence of any

---

**3.** Further inferences as to the lack of enthusiasm with which this statute is being defended may be drawn from the failure of the Attorney General of the State of New York to appear and resist this motion, although aware of its pendency. See New York Executive Law § 71.

mandatory retirement age for such officers in New York State. Further, defendants do not quarrel with the statement in plaintiffs' Civil Rule 3(g) statement that: "2. Nationwide, hiring of police officers under civil service is done either without a maximum age requirement or the maximum age is set at thirty-five years of age."

Defendants rely heavily on *Mass. Bd. of Retirement v. Murgia, supra,* upholding a mandatory retirement age for all uniformed state police upon reaching age fifty. Defendants urge (Memo, last unnumbered page) "Manifestly it cannot now be said that, as a matter of law, that the section 58 method of dealing with police work and aging is any less rational than the *Murgia* method. Both methods ensure that police ranks will be filled by relatively young men at the police officer level."

We disagree. *Murgia* deals with retirement at age 50 of uniformed police. Section 58 totally precludes persons age 29 from entering certain police forces. *Murgia* deals with persons who have had the opportunity to serve as police officers. Section 58 deprives relatively young and physically fit persons from pursuing a career for many years as police officers without a showing of the need for such a blanket disqualification.

We find that § 58 bears no rational relationship to any legitimate state purpose and is violative of the equal protection of the law.

Plaintiffs' motion is granted.

Settle order on notice.