733 F.2d 239
 116 L.R.R.M. (BNA) 2120, 101 Lab.Cas. P 11,021
 Roman WELYCZKO, Plaintiff-Appellant,
v.
U.S. AIR, INC. and Thomas Pomeroy as Chairman of the
International Association of Machinists and
Aerospace Workers, Local No. 75,
District 141, Defendants-Appellees.
 No. 999, Docket 83-7976.
 United States Court of Appeals,
Second Circuit.
 Argued March 30, 1984.
Decided April 25, 1984.
 
 Michael T. McGarry, Albany, N.Y. (Lombardi, Reinhard, Walsh & Harrison, Albany, N.Y., of counsel), for plaintiff-appellant.
 Melvin H. Osterman, Jr., Albany, N.Y. (Whiteman, Osterman & Hanna, Albany, N.Y., of counsel), for defendant-appellee U.S. Air, Inc.
 Peter P. Paravati, Utica, N.Y. (Constance J. Angelini, Utica, N.Y., of counsel), for defendant-appellee Thomas Pomeroy.
 Before KAUFMAN, KEARSE and PIERCE, Circuit Judges.
 IRVING R. KAUFMAN, Circuit Judge:
 
 
 1
 Roman Welyczko appeals from the dismissal of his hybrid claim against his employer for wrongful discharge, and against his union for breach of its duty of fair representation. The district judge based his action upon the Supreme Court's decision in DelCostello v. International Brotherhood of Teamsters, --- U.S. ----, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), which established a six-month statute of limitations for claims under Sec. 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Sec. 185(a). We hold that the DelCostello decision has both retroactive and prospective application, and therefore affirm the dismissal of Welyczko's complaint.
 
 
 2
 * We shall briefly review the facts. The parties have agreed that Welyczko was an employee of U.S. Air, Inc. ("U.S. Air") and that the terms and conditions of his employment were governed by a collective bargaining agreement between U.S. Air and the International Association of Machinists and Aerospace Workers ("IAM"). Welyczko was granted a 90-day medical leave of absence on May 5, 1975. On or about July 31 of that year, he wrote to his employer requesting an extension of leave. He reiterated that request by telegram on August 3. Approximately three days later, Welyczko received a letter from a U.S. Air executive, notifying him that his request for extended leave would be considered only upon receipt of corroboration from a physician that additional leave was necessary. Because his doctor was then on vacation, Welyczko decided to forward to U.S. Air a second copy of the physician's note, dated May 5. This document had accompanied his original application for leave.
 
 
 3
 U.S. Air refused to accept the copy as adequate substantiation. Accordingly, when Welyczko did not return to work, the company terminated his employment on August 26, 1975. This discharge was made retroactive to August 5, the day his authorized leave expired. Welyczko responded by requesting an officer of the IAM to arrange a special hearing on his discharge, pursuant to the collective bargaining agreement. The IAM contradicts this by replying that Welyczko was advised that he himself would have to make a written request for such a hearing. In any event, the hearing was never held, and the discharge action became final.
 
 
 4
 The instant suit was commenced in New York State Supreme Court on March 5, 1981, and was subsequently removed to federal court. After DelCostello was decided, appellees moved for summary judgment asserting that the statute of limitations adopted in that case should apply retroactively to Welyczko's cause of action, which accrued in 1975. On November 1, 1983, in a ruling from the bench, Chief Judge Munson granted the motion. Welyczko appeals.
 
 II
 
 5
 In DelCostello, the Supreme Court decided that a uniform federal statute of limitations should apply to claims under Sec. 301 of the LMRA. In the absence of an expressly applicable federal limitations period, the Court acknowledged, the "most closely analogous statute of limitations under state law" would normally govern. 103 S.Ct. at 2287. The Court concluded, however, that the "federal policies at stake and the practicalities of litigation make [federal law] a significantly more appropriate vehicle for interstitial lawmaking" in this instance. Id. at 2294. It therefore held that the six-month time limit on unfair labor practice complaints under Sec. 10(b) of the National Labor Relations Act applied to Sec. 301 claims as well.
 
 
 6
 Welyczko's claim must be construed as arising under the Railway Labor Act, 45 U.S.C. Sec. 151 et seq., which governs air carriers in lieu of the LMRA. See 29 U.S.C. Secs. 142, 152; 45 U.S.C. Sec. 181. We agree with the Ninth Circuit, however, that this distinction is "without import." Barina v. Gulf Trading and Transportation Co., 726 F.2d 560, 563 n. 6 (9th Cir.1984). The same policies which led the Supreme Court to apply a federal statute of limitations to claims under Sec. 301 of the Labor Management Relations Act apply with equal force to substantively identical claims under the Railway Labor Act.
 
 
 7
 We have already applied the DelCostello rule retroactively, although the issue was not specifically discussed. Assad v. Mount Sinai Hospital, 703 F.2d 36 (2d Cir.), vacated, --- U.S. ----, 104 S.Ct. 54, 78 L.Ed.2d 73 (1983), on remand, 725 F.2d 837 (1984). Our action there was consistent with the "general rule of long standing" that "judicial precedents normally have retroactive as well as prospective effect." National Association of Broadcasters v. FCC, 554 F.2d 1118, 1130 (D.C.Cir.1976), quoted in Kremer v. Chemical Construction Corp., 623 F.2d 786, 788 (2d Cir.1980), aff'd, 456 U.S. 461, 101 S.Ct. 3107, 69 L.Ed.2d 970 (1982). All but one of the circuits considering the retroactivity of DelCostello have reached the same result. Perez v. Dana Corp., Parish Frame Division, 718 F.2d 581 (3rd Cir.1983); Murray v. Branch Motor Express Co., 723 F.2d 1146 (4th Cir.1983); Edwards v. Sea-Land Service, Inc., 720 F.2d 857 (5th Cir.1983); Curtis v. Int'l Brotherhood of Teamsters, Local 299, 716 F.2d 360 (6th Cir.1983) (per curiam) (dictum); Storck v. Int'l Brotherhood of Teamsters, Local Union No. 600, 712 F.2d 1194 (7th Cir.1983) (per curiam); Lincoln v. District 9 of the Int'l Ass'n of Machinists and Aerospace Workers, 723 F.2d 627 (8th Cir.1983); Hand v. Int'l Chemical Workers Union, 712 F.2d 1350 (11th Cir.1983) (per curiam); contra, Edwards v. Teamsters Local No. 36, 719 F.2d 1036 (9th Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 1599, 79 L.Ed.2d ---- (1984).
 
 III
 
 8
 Appellant urges us to carve out an exception to the retroactivity principle so that his claim may proceed, arguing that under the three-factor test articulated by the Supreme Court in Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the DelCostello holding should be given only prospective application. Most of the authorities just cited, however, applied the Chevron test and found that DelCostello should be applied retroactively. See Perez v. Dana Corp., Parish Frame Division, supra, 718 F.2d at 584-85; Murray v. Branch Motor Express Co., supra (adopting reasoning of Perez ); Edwards v. Sea-Land Service, Inc., supra, 720 F.2d at 860-62; Lincoln v. District 9 of the Int'l Ass'n of Machinists and Aerospace Workers, supra, 723 F.2d at 629-30. Moreover, in our view this case does not present circumstances in which the use of the Chevron test would be appropriate.
 
 
 9
 Were we asked to decide if retrospective effect should be given to a new rule which our court had pronounced, the policy factors enumerated in Chevron Oil would indeed be determinative. See United States v. Fitzgerald, 545 F.2d 578, 582 (7th Cir.1976). Similarly, had the Supreme Court given no indication whether DelCostello should apply retroactively, a Chevron Oil analysis would also be in order. But these factors are not present here. The Supreme Court not only adopted a new statute of limitations in DelCostello; it applied that time bar retroactively to govern the very claim at issue in the case before it. We have noted that "the Supreme Court is well aware of how to avoid the effects of applying one of its rulings retroactively to the case at bar." Cates v. Trans World Airlines, Inc., 561 F.2d 1064, 1073 (2d Cir.1977). Thus, when that Court itself has given retrospective application to a newly-adopted principle, "no sound reason exists for not doing so here." Holzsager v. Valley Hospital, 646 F.2d 792, 797 (2d Cir.1981). A court of appeals must defer to the Supreme Court's directive on this issue, explicit or implicit. See United States v. Fitzgerald, supra, at 582. Certainly, its intended application is clear in this case.
 
 
 10
 We therefore decline appellant's invitation to exclude his suit from the DelCostello holding. Rather, we adopt for this circuit the rule that in employment termination cases, a six-month statute of limitations applies both retroactively and prospectively to wrongful discharge/failure to represent claims. Because Welyczko's complaint was filed more than five years after his termination, it is clearly time-barred. Accordingly, we affirm the judgment of the district court dismissing Welyczko's complaint.