756 F.2d 1368
 118 L.R.R.M. (BNA) 3068, 102 Lab.Cas. P 11,423
 Edward ENGELHARDT, Edward Rainey, and David Allen on behalf
of themselves and as representatives of the class
herein defined, Plaintiffs-Appellants,
v.
CONSOLIDATED RAIL CORPORATION and International Brotherhood
of Locomotive Engineers and United Transportation
Union, Defendants-Appellees.
 No. 664, Docket 84-7837.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 27, 1985.
Decided March 8, 1985.
 
 Dennis Morikawa, Philadelphia, Pa. (Morgan, Lewis & Bockius, David S. Fortney, Philadelphia, Pa., of counsel), for appellee Consolidated Rail Corp.
 Harold A. Ross, Cleveland, Ohio (Ross & Kraushaar Co., L.P.A., Joseph E. Prekop, Cleveland, Ohio, on the brief), for appellee Broth. of Locomotive Engineers.
 Norton N. Newborn, Cleveland, Ohio (Fitzsimmons, French & French, Paul French, Saratoga Springs, N.Y., on the brief), for appellee United Transp. Union.
 Arthur F. McGinn, Jr., Albany, N.Y. (McGinn & Brown, P.C., Mary E. Jennings, Albany, N.Y., of counsel), for appellants.
 Before KAUFMAN, OAKES and MESKILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Three employees of the Consolidated Rail Corporation ("Conrail"), formerly employed by the New Haven Railroad before its inclusion in the Penn Central Railroad, brought this suit against their employer alleging violation of orders promulgated by the Interstate Commerce Commission ("ICC") in connection with the creation of the Penn Central system. They also claim against two unions involved in negotiating the scheme of employee rights and benefits to be implemented following the creation of the system, alleging a breach of unions' duty of fair representation.
 
 
 2
 In a thorough and well-reasoned opinion, the district court granted defendants-appellees' motions for summary judgment, and dismissed all claims. See 594 F.Supp. 1157 (1984). The ICC-related claims against the railroad were dismissed pursuant to the doctrine of "primary jurisdiction." Where the courts and an administrative agency have concurrent jurisdiction over a dispute involving issues "beyond the conventional experience of judges," Far East Conference v. United States, 342 U.S. 570, 574, 72 S.Ct. 492, 494, 96 L.Ed. 576 (1952), the court will "stay its hand until the agency has applied its expertise to the salient questions." Hansen v. Norfolk & Western Ry. Co., 689 F.2d 707, 710 (7th Cir.1982); see Augspurger v. Brotherhood of Locomotive Engineers, 510 F.2d 853 (8th Cir.1975). Recently, in addressing a claim remarkably similar to the one before us, the Seventh Circuit wrote:
 
 
 3
 We have no idea whether the [ICC] order can properly be construed in this fashion. We therefore cannot act to enforce the ... order so construed until we know unambiguously what rights the order accords plaintiffs and whether the order has indeed been violated. That is the sort of determination (involving an extremely complex ICC-supervised merger) classically committed to agency discretion under the doctrine of primary jurisdiction.
 
 
 4
 Zapp v. United Transportation Union, 727 F.2d 617 (7th Cir.1984). Precisely the same may be said of this dispute. We simply cannot say with any certainty whether the ICC orders relating to the creation of the Penn Central system were violated by the seniority scheme underlying this dispute. That question, from which flows the resolution of this claim, properly lies within the discretion of the ICC. Accordingly, the district court properly dismissed the claim.
 
 
 5
 Appellants now argue that, at worst, the ICC-related claims should have been stayed pending a determination by the agency. Although such a procedure is permissible under the doctrine of primary jurisdiction, see Hansen, supra, 689 F.2d at 714, it is not necessary where all the relief sought may be obtained before the ICC or in a reinstituted proceeding, see Zapp, supra, 727 F.2d at 625. If the ICC rules that the seniority scheme here at issue violates its orders, the employees simply may initiate a new action to enforce that determination. Accordingly, dismissal will not irreparably prejudice the plaintiffs, and was thus proper. See Carnation Co. v. Pacific Westbound Conference, 383 U.S. 213, 86 S.Ct. 781, 15 L.Ed.2d 709 (1966).
 
 
 6
 Judge Miner correctly held that the unfair representation claims against the union were barred by the relevant six-month limitations period borrowed from Section 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b) (1982). Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); Welyczko v. U.S. Air, Inc., 733 F.2d 239 (2d Cir.), cert. denied, --- U.S. ----, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984). Whether their cause of action is held to have accrued in 1968-69, when the agreements giving rise to the seniority system were signed; or 1970, by which time the appellants admit they were aware of their lowered seniority; or even 1982, at which time they were allegedly affected by their seniority under the scheme, the complaint filed on August 10, 1983 was untimely. We agree with the district court's holding that the union's activity (or lack thereof) since the agreements were entered into does not constitute a continuing violation, thus tolling the six-month statute of limitations.
 
 
 7
 We have carefully considered appellants' other arguments on appeal, and find them to be without merit.
 
 
 8
 Accordingly, the judgment of the district court is affirmed.