Leo **MULERO**, Petitioner–Appellant,

v.

Eugene **LEFEVRE, et al.,**
Respondents–Appellees.

No. 803, Docket 88–2293.

United States Court of Appeals,
Second Circuit.

Argued Feb. 16, 1989.

Decided April 10, 1989.

---

Calvin C. Saunders, New York City, for petitioner-appellant.

Robert Abrams, Atty. Gen., for the State of N.Y. (Charles C. Davis, Jr., Elaine Stogel, Asst. Attys. Gen., of counsel), for respondents-appellees.

Before LUMBARD, MINER, Circuit Judges, and SPRIZZO, District Judge.*

SPRIZZO, District Judge:

Petitioner/appellant Leo Mulero appeals from a judgment of the Honorable Mark A. Costantino, United States District Judge for the Eastern District of New York, dismissing his petition for a writ of habeas corpus.

The petition, originally filed *pro se* and assigned to Judge Bramwell, alleged a variety of defects in Mulero's criminal trial.[1] Petitioner was convicted of two counts of first degree sale of a controlled substance, cocaine, on January 14, 1981; and was sentenced to two concurrent indeterminate terms of twenty years to life. This conviction was unanimously affirmed by the Appellate Division on July 16, 1984. *See People v. Mulero*, 103 A.D.2d 1047, 479 N.Y. S.2d 392 (2d Dept.1984). Leave to appeal

was denied by the New York Court of Appeals. *See People v. Mulero*, 63 N.Y.2d 948, 483 N.Y.S.2d 1032, 473 N.E.2d 49 (1984). On March 17, 1986 respondents/appellees filed a memorandum of law moving to dismiss the petition for failure to exhaust state remedies and requesting the right to respond on the merits if the motion was denied. Before any action was taken on respondents' motion, counsel was appointed to represent petitioner on May 21, 1986.

The record does not indicate that counsel made any effort to address the merits of the petition. Nor does the record disclose how the petition came to be before Judge Costantino. However, on April 21, 1988, Judge Constantino, by Memorandum of Decision and Order, dismissed the petition on the merits and held that petitioner had exhausted his state court remedies.

Petitioner now challenges that decision on the ground, *inter alia,* that the district judge did not afford petitioner's counsel the opportunity to brief the merits of the petition before dismissing it on the merits. Petitioner argues that by relying solely on the allegations of his *pro se* petition the district judge improperly denied him the effective assistance of his appointed counsel.

## DISCUSSION

Petitioner's contention that the district court deprived him of the opportunity to address the merits of the petition is not supported by the record. It is true that petitioner's counsel chose not to address the merits because he apparently assumed that the district court would affirmatively indicate to the parties whether or not it was willing to adopt respondents' suggestion that the matter be resolved on a bifur-

---

* Of the Southern District of New York, sitting by designation.

1. In his petition Mulero contended that he was convicted without due process because the trial judge, *inter alia:* refused to sever his co-defendant, improperly charged the jury on the defense of agency, refused to consolidate the in-

dictment, and refused to allow the admission of evidence relevant to petitioner's agency defense. On this appeal petitioner challenges the district judge's decision on the charging and evidentiary issues. Because we decide this appeal on other grounds, we have no occasion to address the merits of petitioner's fair trial arguments or the merits of any of his other claims.

cated basis. However, given the broad discretion conferred on the district court with respect to the manner in which a petition may be resolved, that assumption may not have been reasonable.[2]

Moreover, even after the district court's decision on the merits, counsel never sought to address the merits in a timely motion for reargument.[3] Nor has counsel offered a colorable explanation for his failure to do so. In view of all these circumstances, the court is not persuaded by counsel's argument that his client was somehow prejudiced or denied due process by the district court's action.

■ However, since petitioner was acting *pro se* at the time he filed his petition, and since we are convinced that the district court would be benefitted by the participation of counsel with respect to the merits of the petition for habeas corpus, we believe that, in the interests of justice, the matter should be remanded to the district court for that purpose. *See* 28 U.S.C. § 2106 (1982).

The judgment of the district court is vacated and remanded for further proceedings consistent with this Opinion.

---

**2.** Rule 4 of the Rules Governing Section 2254 Cases gives a district judge the option of dismissing a petition *sua sponte,* requiring an answer, requiring the filing of other pleadings, or taking any other action the judge deems appropriate. Rule 4 states in part that:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal.... Otherwise the

judge shall order the respondent to file an answer or other pleading ... or to take such other action as the judge deems appropriate.

**3.** Petitioner himself wrote a letter to the district court requesting time to file a motion for reargument. However, that letter was not docketed until after petitioner's initial notice of appeal was filed by counsel on June 23, 1988. Thus, the district court did not have jurisdiction to act upon that request.