Jacalyn KOFER, Plaintiff,

v.

VILLAGE OF PELHAM, Defendant.

No. 86 Civ. 5515 (RPP).

United States District Court,
S.D. New York.

April 3, 1989.

On Application for Reargument
April 24, 1989.

Schlachter & Mauro, Commack, N.Y. by Bari M. Lewis (Reynold Mauro, on the brief), for plaintiff.

Emmett, Marvin & Martin, New York City by Alfred W.J. Marks, for defendant.

OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Jacalyn Kofer sued the Village of Pelham under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1982), and the New York State Human Rights Law, N.Y.Exec. Law § 296 *et seq.* (McKinney 1989), alleging sex discrimination in employment. The village claims that Kofer was not qualified for the position she sought, and cannot, therefore, establish a prima facie case of discrimination. *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 464 (2d Cir.1989); *see Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed. 2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The facts of this case are simple and undisputed, and the parties agreed at oral argument that it can be

decided as a matter of law. Because the village is entitled to summary judgment, its motion is hereby granted. *See* Fed.R.Civ. P. 56; *see also, e.g., Trebor Sportswear Co. v. The Limited Stores, Inc.,* 865 F.2d 506, 511 (2d Cir.1989) (summary judgment appropriate when plaintiff "failed to 'designate specific facts showing there [was] a genuine issue for trial' regarding" an "essential element of [its] case") (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)).

In 1983, Kofer decided to apply for one of three vacancies on the Village of Pelham police force. On October 29th of that year she took a written civil service exam given by the Westchester County Personnel Office and scored higher than every other applicant. Although Kofer also met the education, residency, and physical agility qualifications, the village passed her over, and in September, 1984, appointed three other candidates instead. Kofer filed her complaint in this action on July 7, 1986.

N.Y.Civ.Serv. Law § 58(1)(a) (McKinney 1989) provides, in relevant part:

> [N]o person shall be eligible for ... appointment in the competitive class of the civil service as a ... police officer of any police force ... unless ... he is not less than twenty nor more than twenty-nine years of age....

On April 8, 1981, a federal district court struck down the New York statute as a violation of the equal protection clause of the Fourteenth Amendment, U.S. Const. amend. XIV. *McMahon v. Barclay,* 510 F.Supp. 1114 (S.D.N.Y.1981) (Sand, J.). One year later, however, two other courts upheld the statute against identical challenges. *Sica v. County of Nassau,* 36 Fair Empl.Prac.Cas. 369 (BNA) (E.D.N.Y.1982)

(Pratt, J.); *Colon v. City of New York,* 535 F.Supp. 1108 (S.D.N.Y.1982) (Leval, J.). Kofer applied for the job as police officer after those decisions were rendered. On March 19, 1986, the United States Court of Appeals for the Second Circuit finally ruled that the New York law passed constitutional muster. *Doyle v. Suffolk County,* 786 F.2d 523, 528 (2d Cir.) ("[d]enying appointment to those who have become 29 is rationally related" to "the obvious state interest" in "the recruitment of police personnel physically able to discharge their duties"), *cert. denied,* 479 U.S. 825, 107 S.Ct. 98, 93 L.Ed.2d 49 (1986).

■ At the time Kofer applied to be a police officer, she was thirty-one years old. By resolving the question of the New York statute's constitutionality, *Doyle* made clear that since Kofer was older than section 58(1)(a) permitted, she had not been qualified for the position she sought. The plaintiff has thus failed to prove an essential element of her prima facie case of discrimination, and summary judgment against her is appropriate.[1] *See McDonnell Douglas, supra,* 411 U.S. at 802, 93 S.Ct. at 1824; *cf., e.g., Hill v. J.C. Penney Co.,* 688 F.2d 370, 376 (5th Cir.1982).

Kofer nonetheless urges this Court to except her from *Doyle*'s coverage. Kofer argues that she "would be unjustly prejudiced if *Doyle* were to be applied retroactively." Memorandum of law in opposition to defendant's motion for summary judgment at 7. In addition, she argues, the factors enunciated in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), compel an exemption from *Doyle,* because, she contends, *Doyle* "established a new principle of law, either by overruling clear past precedent on which litigants may have relied or by decid-

---

1. During the interim of uncertainty, the Westchester personnel office appended a "Special Note" to its recruitment circular for policemen which read as follows:

> Age: (1) At the present time, the maximum age requirement for this position is under review as a result of the McMahon–Sadoff v. Barclay decision. Accordingly, the maximum age has been waived until such time as all litigation has been adjudicated.

The plaintiff argues that in light of *McMahon,* the personnel office was *required* to waive the state statute; however, she offers neither precedents nor analogies to support her contention. The village argues, correctly, that the personnel office could not waive a law duly enacted by the state legislature. *See Lockman v. Van Voris,* 49 A.D.2d 285, 374 N.Y.S.2d 778 (1975); *see also Wolff v. Hodson,* 285 N.Y. 197, 33 N.E.2d 90 (1941). The putative waiver was thus invalid, and the personnel office's action did not change the job's qualifications.

ing an issue of first impression whose resolution was not clearly foreshadowed"; and because "a holding of non-retroactivity" would "avoid[ ] the injustice of hardship." *Id.* at 106–07, 92 S.Ct. at 355 (citations omitted).

■ Judicial decisions, of course, always work retroactively unless a court specifically directs otherwise, as did the Supreme Court in *Huson.*[2] *See, e.g., Welyczko v. U.S. Air, Inc.,* 733 F.2d 239 (2d Cir.) (retroactive application of decision on statute of limitations for Railway Labor Act claim held to bar plaintiff's suit), *cert. denied,* 469 U.S. 1036, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984). Yet the question of retroactivity only arises when a plaintiff is faced with an adverse principle of law laid down after she has already filed suit, either in the case itself being litigated, or in a suit alleging the same or a similar cause of action. Here, Kofer filed her complaint three and a half months after the Second Circuit handed down its decision in *Doyle.* In granting the defendant's motion, this Court applies *Doyle pro* spectively. Even if Kofer had filed suit before *Doyle,* moreover, retroactive application would be proper. In *Doyle* itself the plaintiffs' suits were extinguished, retroactively, and in the three years since no court has ordered the induction as police officer of anyone who filed suit before *Doyle* was decided—*Doyle* notwithstanding.[3] Furthermore, *Doyle* did not "establish a new principle of law." Courts had split over the constitutionality of section 58(1)(a), and given the fact that two courts had upheld the law before Kofer ever applied for her job, *Doyle* could not have been a legal surprise. Kofer has not suffered the "injustice of hardship" that

might lead to a different result. *Cf. Byrne v. Buffalo Creek R.R.,* 765 F.2d 364 (2d Cir.1985) (decision not given retroactive effect when plaintiff filed suit eight years before Supreme Court's ruling).

This is not an easy order for a court to issue. Congress has proscribed sex discrimination in employment, and courts should be vigilant in protecting the victims of unlawful bias. This Court's decision should not be construed to condone any discrimination which may, or may not, have occurred in this action. However, the facts peculiar to this case, combined with its legal context, have directed this particular disposition. The defendant's motion for summary judgment is therefore granted.

IT IS SO ORDERED.

## ORDER

■ In an opinion and order filed April 3, 1989, this Court entered summary judgment against the plaintiff, Jacalyn Kofer. By letter of April 20, 1989, Kofer requested reargument. Three days earlier, however, Kofer had filed a notice of appeal to the United States Court of Appeals for the Second Circuit. The Court's jurisdiction over this action thus ended on April 17, 1989, and the Court cannot consider the plaintiff's application. *See Mulero v. LeFevre,* 873 F.2d 534, 536 n. 3 (2d Cir.1989).

IT IS SO ORDERED.

---

**2.** Although the New York legislature "may not enact retroactive *statutes* which will impair constitutional rights," N.Y.Stat.Constr. Law § 51(e) (McKinney 1989), *Doyle* was a decision of a court.

**3.** Kofer's attorney stated under oath that "I have discussed this matter with officers in the personnel office and Westchester County attorney's office and your affiant represents to this Court that the Westchester County Department of Personnel has approved the hiring of several hundred police officers since 1981 who were over the age of 29...." Affidavit of Reynold A. Mauro ¶ 14 (Feb. 24, 1989). That statement cannot

be considered on this motion. Fed.R.Civ.P. 56(e) ("affidavits shall be made on personal knowledge [and] shall set forth such facts as would be admissible in evidence"). Yet even if Westchester personnel office employees had submitted affidavits, Kofer's attorney conceded at oral argument that she could not show that the Village of Pelham, the named defendant in this case, had hired overage applicants. Moreover, proof that Pelham had hired other applicants, if it existed, would not be material to the question at issue in this motion: whether, as a matter of law, the plaintiff has made out a prima facie case of discrimination.