**John J. POPPO, Plaintiff,**

v.

**LONG ISLAND RAIL ROAD COMPANY and United Transportation Union, Defendants.**

**No. 89 CV 2678(SJ).**

United States District Court, E.D. New York.

Oct. 3, 1994.

Richard V. Rappaport, New Hyde Park, NY, for plaintiff.

Ricardo A. McKay, Costa, McKay & Donnelly, Valley Cottage, NY, for defendant United Transp. Union.

Thomas Taranto, LIRR Law Dept., Jamaica Station, Jamaica, NY, for defendant Long Island R. Co.

### MEMORANDUM AND ORDER

JOHNSON, District Judge:

### INTRODUCTION

Plaintiff initiated this suit alleging that Defendant Long Island Rail Road Company ("LIRR") breached the collective bargaining agreement under which the Plaintiff was employed and obtained retirement benefits. Plaintiff also contends that the United Transportation Union ("UTU") breached its duty to fairly represent the Plaintiff in his efforts to compel arbitration regarding the alleged breach by LIRR. Before this Court are Defendants' motions to dismiss this case pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, or in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### BACKGROUND

This dispute involves conflicting interpretations of a collective bargaining agreement between Defendant LIRR and Defendant UTU of which Plaintiff was a member. Plaintiff contends that the LIRR wrongfully denied him a pension with survivor benefits, a retiree free pass, and retiree medical benefits. Plaintiff further alleges that Defendant UTU has breached its duty to fairly represent his claims against the LIRR.

On November 30, 1976, Plaintiff terminated[1] his employment as an attorney for the LIRR. Prior to this termination, by letter dated February 13, 1976, he had sought an interpretation of the Pension Agreement to

---

1. Plaintiff and LIRR disagree as to whether the November 30, 1976 termination was a retirement or resignation. The LIRR maintains that an employee can only retire if two conditions are met: 240 months of credit service and the employee's age is at least fifty.

ascertain when an employee had to elect survivor benefits. LIRR notified Plaintiff by letter, dated March 2, 1976, that election of survivor benefits had to be made at least six months prior to the last date of an employee's service. In the letter, Plaintiff was informed that a failure to elect before the six-month mark would result in the pension being computed without a survivor option. Shortly thereafter, the Chairman of the UTU verbally reiterated to Plaintiff what had been stated in the March 2nd letter. Plaintiff did not elect any survivor benefits prior to his termination in November 1976.

Sixteen months after terminating his employment with LIRR, Plaintiff filed a request for survivor benefits. This request was rejected by the Joint Board on pension applications because Plaintiff had not filed in the proper time frame. No grievance was brought to the National Rail Road Adjustment Board. On July 18, 1978, Defendant UTU filed a request for a Public Law Board to hear Plaintiff's claim. The LIRR agreed to place the alleged violation regarding survivor benefits before the Board but refused a second allegation concerning retiree medical benefits. The grievances were never placed before a Public Law Board. 1978 was the last date upon which Plaintiff filed for elections.

On March 7, 1980, the General Chairman of the UTU notified Plaintiff that the union was unable to locate a file on the Plaintiff's case or anyone who knew anything about the case. In 1981 Plaintiff contacted the UTU to learn what efforts were being made on his behalf. Indeed, in his deposition, Plaintiff agreed that he told the union in 1981 or 1982 that he should have received a decision by that time. Dep. Tr. at 91. This was the last contact the Plaintiff had with the UTU until 1986.

A month prior to his fiftieth birthday in April 1983, Plaintiff filed for his pension benefits which he began receiving on May 1, 1983. Plaintiff made no further attempts to alter his pension survivor benefits. Shortly thereafter Plaintiff was diagnosed with lymphoma.

In 1986, Plaintiff hired his present attorney, Richard Rappaport. Soon after being retained, Mr. Rappaport spoke with the union officials and told Plaintiff that the UTU was not going to do anything. Dep. Tr. at 92. Plaintiff claimed in his deposition that he and his attorney agreed though, not to take an adversarial position vis-a-vis the UTU at that time. Yet, Plaintiff and his attorney waited an additional three years, until August 14, 1989, to initiate this action in this Court. No contact was had with the union during this time and no explanation is given as to the delay or what specific event, if any, triggered the filing.

## DISCUSSION

■ Plaintiff's claim against Defendant UTU is for breach of the duty to represent his claims for alleged breach of the collective bargaining agreement by LIRR. It is agreed by all of the parties and a well-established rule of law that the statute of limitations for such an action is six months from the accrual of the cause of action which is "when plaintiffs knew or reasonably should have known that such a breach had occurred, even if some possibility of non-judicial enforcement remained." *Santos v. District Council of New York City,* 619 F.2d 963, 968–69 (2d Cir.1980); *see also DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The dispute here centers on when the Plaintiff knew or should have known of the breach and whether that date is within the statute of limitations.

Defendants argue that the latest date that Plaintiff could be said to have discovered or became aware of a possible breach was 1986. Defendants point to Plaintiff's deposition as proof that he and his attorney were aware of the fact that the UTU was not pursuing Plaintiff's claim. *See* Dep. Tr. at 91–92.

In contrast, Plaintiff claims that the UTU's and LIRR's refusal to call a Public Law Board is a continuing violation that continues to this day. Plaintiff contends that he did not discover nor could have discovered the fact that the UTU was not going to pursue his claim until he filed this action. Yet, Plaintiff fails to point to any event that led to his "discovery" of the UTU's alleged breach,

but instead asserts that Plaintiff finally reached the point where he felt he had no choice but to bring an action.

Plaintiff asserts that the Union's failure to notify him in writing of their refusal to pursue his claim is evidence of a continuing violation and that without written notification, the statute of limitations cannot commence running. This argument flies in the face of *Engelhardt v. Consolidated Rail Corp.*, 594 F.Supp. 1157, 1171 (N.D.N.Y. 1984), *aff'd*, 756 F.2d 1368 (2d Cir.1985) which explicitly held that a continuing violation theory cannot be maintained to get around a statute of limitations problem. Plaintiff's argument also is contrary to *Howard v. Lockheed–Georgia Co.*, 742 F.2d 612 (11 Cir.1984) which rejected the contention that written notice is required. Plaintiff's own deposition clearly indicates that he was aware as early as 1981 or 1982 that the UTU might be dragging its heels. There is simply no excuse why Plaintiff waited until 1986 to hire an attorney and then waited a further three years to file this action, especially as there was no communication with the union during this time save that in 1986 at the initiation of the Plaintiff's own attorney.

■ Plaintiff's claim against the LIRR must fail for similar reasons. *DelCostello*, 462 U.S. at 174, 103 S.Ct. at 2295. It is clear that the latest date at which Plaintiff knew or should have known of the breach in the collective bargaining agreement was 1983 when he began collecting his pension. Yet, Plaintiff waited until 1989 to file his claim.

### CONCLUSION

For the reasons stated above, Defendants' motions to dismiss are hereby GRANTED.[2] Accordingly, this case is DISMISSED.

SO ORDERED.

---

**2.** There is no reason to address Defendant's arguments for dismissal for lack of subject matter jurisdiction as the claims are barred by the statute of limitations.